**Julia GAMBINO, Plaintiff–Appellant,**

v.

**Herbert RUBENFELD, Esq.,
Defendant–Appellee.**

**Docket No. 02–7152.**

United States Court of Appeals,
Second Circuit.

Oct. 16, 2002.

Julia Gambino, Pro Se, Farmingdale, NY, for Appellant.

Herbert Rubenfeld, Melville, NY, for Appellee.

Present NEWMAN and F.I. PARKER, Circuit Judges, and UNDERHILL,* District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Julia Gambino appeals, pro se, from the January 5, 2002 decision of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*) granting defendant-appellee Rubenfeld's motion to dismiss Gambino's complaint for lack of subject matter jurisdiction. In the court below, Gambino sought both a declaratory judgment that the defendant, her attorney during her divorce proceedings, had taken her property without due process of law and violated New York Judiciary Law § 487 governing attorney conduct, and damages pursuant to 42 U.S.C. § 1983 and New York Judiciary Law § 487. The district court dismissed the case for lack of jurisdiction, finding Gambino's claims precluded under the *Rooker–Feldman* doctrine as "inextricably intertwined" with a state court judgment and noting that even if the court had jurisdiction, Gambino's claims under § 1983 and New York Judiciary Law § 487 would fail because Gambino failed to demonstrate that Rubenfeld was a state actor for purposes of § 1983 and, in light of the failure of her other claims, the court would not exercise supplemental jurisdiction over Gambino's state law claims.

The *Rooker–Feldman* doctrine provides that "inferior federal courts have no subject matter jurisdiction over cases that effectively seek review of judgments of state courts and that federal review, if any, can occur only by way of a certiorari petition to the Supreme Court." *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 197 (2d Cir.1996). Gambino seeks a declaration from a federal court that her attorney's conduct violated state standards of professional conduct and constituted an illegal taking of her property without due process. Because the New

---

* The Honorable Stefan R. Underhill, United States District Court Judge for the District of Connecticut, sitting by designation.

York state courts have already ruled on these arguments in the course of deciding Gambino's motion to vacate the state judgment, and because all supporting arguments are "inextricably intertwined" with the state court's decision ordering her to pay her outstanding attorney's fees to Rubenfeld, *see id.* at 199–200, the district court lacked jurisdiction to consider her claims.

For the reasons stated above, the dismissal of the district court is AFFIRMED.